NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKEAL GLENN STINE,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>B. VON BLANKENSEE, Complex Warden, USP/Tucson, Arizona; et al.,<br><br>                Defendants-Appellees. | No.    22-16142<br><br>D.C. No. 4:20-cv-00187-DCB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted March 26, 2024[**]

Before:      TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Arizona state prisoner Mikeal Glenn Stine appeals pro se from the district court's judgment dismissing his action brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate indifference to serious medical needs and denial of access to courts. We

---

        [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017). We affirm.

The district court properly dismissed Stine's deliberate indifference claim seeking damages because Stine failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference). Stine's deliberate indifference claim seeking injunctive and declaratory relief has become moot because Stine was transferred to another prison. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility.").

In his opening brief, Stine failed to address the grounds for dismissal of his access-to-courts claim and has therefore waived any such challenge. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we will not consider any claims that were not actually argued in appellant's

22-16142

opening brief").

A prior panel of this court affirmed the district court's order denying preliminary injunctive relief, *see* Appeal No. 20-16393, and we will not reconsider that decision. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1392 (9th Cir. 1995) ("[O]ne panel of an appellate court will not reconsider matters resolved in a prior appeal to another panel in the same case.").

Stine's motion for default judgment or contempt of court (Docket Entry No. 29) is denied.

**AFFIRMED.**